VICTORIA PAPER MILLS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75940.  Promulgated May 24, 1935.

*James P. Quigley, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

SMITH: This proceeding involves a deficiency in petitioner's income tax for 1931 in the amount of $4,043.30. The petitioner contends that the respondent erred (1) in disallowing the deduction of attorney fees in the amount of $5,000, and (2) in including in its income $38,260.02 representing a refund of local taxes for prior years.

The petitioner is a corporation engaged in the manufacture of paper and paper products at Fulton, New York. In its return for 1931 it deducted as an ordinary and necessary business expense $12,077.64 representing fees paid for " Legal and Professional Services." The respondent disallowed $5,000 of the amount claimed in the return and contends that such amount was a capital expenditure incurred in connection with the sale of property.

The petitioner paid the amount of $5,000 on August 11, 1931, to George M. Fanning, an attorney, for " services rendered in 1931, in examining title, passing abstract, negotiating for sale, examining power contract, etc. in the matter of water rights." Most of the legal services in connection with the sale of the water rights in question were performed in 1931, but the sale was not consummated until the following year. The petitioner did not derive any profit from the sale and did not treat the $5,000 paid to Fanning as a part of the cost of the water rights sold.

The rule is well settled that commissions and other similar charges, including attorney fees, incident to the sale of or other disposition of property ordinarily are to be treated as capital expenditures and are deductible from the selling price in determining the amount of the gain or loss on the transaction. *Seletha O. Thompson*, 9 B. T. A. 1342; *Mrs. E. A. Giffin*, 19 B. T. A. 1243; *Thomas Williams*, 21 B. T. A. 109; affd., 59 Fed. (2d) 357; *Washington Market Co.*, 25 B. T. A. 576; *Odorono Co.*, 26 B. T. A. 1355; *Briarcliff Investment Co.*, 30 B. T. A. 1269.

The evidence before us on this point is that the legal fee of $5,000 was paid to Fanning solely for his services incident to the sale of water power rights. We therefore sustain the respondent in his determination that the amount is not deductible as an ordinary and necessary business expense of the year 1931, but is a capital expenditure deductible from the amount received on the sale of the water rights for the purpose of determining the gain or loss thereon.

The respondent has added to the income reported by the petitioner in its return $38,260.02 representing a refund of taxes, with interest, which the petitioner paid to the city of Fulton, Oswego County, New York, over the years 1922 to 1930, inclusive.

During each of the prior years mentioned the petitioner was assessed local taxes by the city of Fulton which it paid under pro-

test, claiming that such taxes were assessed on an overvaluation of its property. The petitioner filed suits in each year for refunds of the amounts claimed to be excessive. On August 4, 1931, an order was entered in the Supreme Court of New York, Fifth Judicial District, fixing the value of the petitioner's properties and giving judgment to the petitioner against the city of Fulton for a refund of taxes paid during the years 1922 to 1931, inclusive, in the aggregate amount of $43,961.13, including interest. The amount of the stated overpayment in 1931 was $4,713.24. The interest thereon amounted to $987.87. The petitioner paid $15,647.70 taxes to the city of Fulton in 1931, but claimed a deduction of only $10,934.46 in its income tax return for that year. Thus, the amount of the refund ordered on account of the overpayment in 1931 was reflected in the petitioner's gross income as reported in its income tax return for that year and is not in controversy in this proceeding.

The balance of the refund ordered for the overpayments made in the years 1922 to 1930, inclusive, in the amount of $38,260.02, the petitioner credited to surplus, but did not report in its income tax return.

On August 11, 1931, the petitioner assigned all of the aforesaid judgments against the city of Fulton for the refund of the tax overpayments made during the years 1922 to 1931, inclusive, to the Citizens National Bank & Trust Co. of Fulton, and received therefor a credit to its account with that bank in the total amount of $43,881.13, being the face amount of the judgments plus accrued interest. Separate assignments were executed for each year which were substantially alike except for the amounts thereof. Each of the assignments provided that:

* * * Victoria Paper Mills Company, in consideration of One Dollar ($1.00) to it duly paid, has sold and by these presents does assign, transfer and set over unto the said Citizens National Bank and Trust Company of Fulton, its successors and assigns, said judgment and all sum or sums of money that may be had or obtained by means thereof or on any proceeding to be had thereupon * * *.

and that " the said Victoria Paper Mills Company further covenant that said judgment is a valid judgment against the City, and that the same will be paid."

On May 25, 1932, the order of the court issued as aforesaid on August 4, 1931, was amended by further order of the same court. On July 25, 1932, the petitioner executed a further assignment to the Citizens National Bank & Trust Co. of Fulton of " all its right, title and interest, claim and demand, so awarded to it by the aforesaid final orders of said Supreme Court dated the 4th day of August, 1931, and May 25, 1932, and all the moneys due and which may

grow due thereunder, or therefrom." In this assignment the petitioner guaranteed the payment of the judgment and interest by the city of Fulton not later than December 1, 1932.

None of these judgments has ever been paid by the city of Fulton and the question of the city's liability for the amounts thereof is still in litigation in the courts of the State of New York. On December 7, 1934, the Citizens National Bank & Trust Co. of Fulton wrote the petitioner as follows:

Sometime ago we took by assignment from you certain Refund, City of Fulton Claims, payment of which was guaranteed by you in the Assignment.

Report of Examination of this Bank by a Representative of the Comptroller's Office, indicates that inasmuch as these Claims are in litigation, that you, as Guarantor, should arrange to take them out of the bank.

The evidence does not disclose what action, if any, the petitioner took in response to the above letter.

In its Federal income tax returns for the years 1922 to 1930, inclusive, the petitioner claimed and was allowed deductions for the taxes paid to the city of Fulton in those years.

The petitioner kept its books and made its income tax returns for all years on the accrual basis.

With respect to this issue the petitioner contends that it received no taxable income in 1931 on receipt of the judgment of the court for a refund of the taxes erroneously paid to the city of Fulton in the prior years, and that the amount received from the Citizens National Bank & Trust Co. of Fulton was in the nature of a loan or advancement on the judgments and did not constitute taxable income.

The evidence of record does not support the petitioner's contention. In the written assignments the word " sold ", " assigned ", and " set over " are used. No mention is made of any loan. There is no provision for interest except the interest accruing on the judgments and no provision for the repayment by the petitioner at any time of any specific amount to the bank. The petitioner merely guaranteed the payment of the judgments by the city of Fulton. We must therefore hold that the petitioner sold or discounted the judgments to the bank, guaranteeing their payment by the city of Fulton. See *Alworth-Washburn Co.* v. *Helvering*, 67 Fed. (2d) 694, affirming 25 B. T. A. 140; and *Elmer* v. *Commissioner*, 65 Fed. (2d) 568, affirming 22 B. T. A. 224.

The petitioner received approximately the face value of the judgments, plus interest, as a credit to its account with the bank and had the unrestricted use of the funds during the year 1931. We are of the opinion that the amount so received constituted taxable income of that year. See *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359; *North American Oil Consolidated* v. *Burnet*, 286 U. S. 417; *Houbi-*

*gant, Inc.,* 31 B. T. A. 954. In *North American Oil Consolidated* v. *Burnet, supra,* the Court said:

*Third.* The net profits earned by the property in 1916 were not income of the year 1922—the year in which the litigation with the government was finally terminated. They became income of the company in 1917, when it first became entitled to them and when it actually received them. If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent. See *Board* v. *Commissioner of Internal Revenue* (C. C. A.) 51 F. (2d) 73, 75, 76. Compare *United States* v. *S. S. White Dental Manufacturing Co.,* 274 U. S. 398, 403, 47 S. Ct. 598, 71 L. Ed. 1120. If in 1922 the government had prevailed, and the company had been obliged to refund the profits received in 1917, it would have been entitled to a deduction from the profits of 1922, not from those of any earlier year. Compare *Lucas* v. *American Code Co., supra.*

In *Alworth-Washburn Co.* v. *Helvering, supra,* it was held that the profit realized by the taxpayer on the sale of its assets was taxable income for the year when the taxpayer sold or discounted the purchase money notes at the bank. To the same effect was *Elmer* v. *Commissioner, supra.*

Since the amount received on the judgments for refund in 1931 represented a refund of taxes for prior years which had been deducted by the petitioner in its income tax returns for those years, the entire amount received in 1931 is taxable to the petitioner in that year. See *Houbigant, Inc., supra,* and cases therein cited. In our opinion the petitioner is taxable in 1931 on the amount received from the bank in that year on the assignment of the judgments.

*Judgment will be entered under Rule 50.*