ELI AND SELMA WINKLER, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 111007. Promulgated September 24, 1943.

*Howe P. Cochran, Esq.*, and *Margaret F. Luers, Esq.*, for the petitioners.
*William G. Ruymann, Esq.*, for the respondent.

OPINION.

HILL, *Judge:* The primary issue is whether a capital loss, to be deductible by an individual, must be incurred in trade or business or in a transaction entered into for profit though not connected with

trade or business. For the purpose of discussion we assume, without deciding, that the jewelry in question constituted a capital asset within the meaning of section 117 (a) (1) of the Internal Revenue Code. The jewelry was sold for $18,500 less than its cost, whereupon a long term capital loss of $9,250 was claimed jointly by petitioners, though they concede that the purchase was not made in connection with trade or business or with an expectation of making a profit therefrom.

While Eli Winkler formerly relied upon sections 23 (g) and 117 of the Internal Revenue Code as authorizing such deduction, petitioners now depend upon section 22 (f) thereof.[1] Respondent contends that all loss deductions permitted individuals and arising from the sale of property, be the loss capital or ordinary, find their inception in section 23 (e) (1) and (2) of the Internal Revenue Code.[2] Since the loss in question arose from a transaction without petitioners' trade or business and one not for profit, he determined it to be nondeductible. We think it clear that respondent's position as to the applicable subsection of the Code is sound and that his determination is correct.

Pursuant to chapter I of the Internal Revenue Code, a tax is levied upon the net income of individuals. Section 21 defines "net income" as gross income computed under section 22, less the deductions allowed by section 23. Deductions depend upon legislative grace for their allowance and are permitted only when specifically granted by statute. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435. Thus, section 23 is named as that part of the statute wherein authorized deductions are spelled out, and petitioners' asserted capital loss can reduce their gross income only if brought within the purview of language in that section.

Of the several subsections within section 23, it is (e) alone which allows as deductions to individuals losses sustained during the taxable year. Hence, petitioners' loss is deductible, if at all, solely by virtue of the express terms therein. But this subsection grants loss deductions to individuals provided the losses, not compensated for by insurance or otherwise, were (1) incurred in trade or business, (2) incurred in any transaction entered into for profit though not connected with trade or business, or (3) the result of casualty. Since the loss in this case does not fall within any of such classes, a deduction therefor is not allowable.

[1] SEC. 22. GROSS INCOME.

* * * * * * *

(f) DETERMINATION OF GAIN OR LOSS.—In the case of a sale or other disposition of property, the gain or loss shall be computed as provided in section 111.

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

* * * * * * *

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

(1) if incurred in trade or business; or

(2) if incurred in any transaction entered into for profit, through not connected with the trade or business; * * *

It is true that capital losses are deductible, in computing net income, only to the extent provided in section 117. This limitation is explicity stated in section 23 (g) (1) of the Internal Revenue Code. However, there is no provision in the Code which can be construed to permit the deduction of a capital loss which would not be deductible as an ordinary loss if the property involved were not a capital asset. On the contrary, the very definition of capital loss contained in section 117, which includes the phrase "if and to the extent such loss is taken into account in computing net income," requires the conclusions that a capital loss must, in all instances, be the type of loss deductible under section 23, and we so hold. See also *Juliet P. Hamilton*, 25 B. T. A. 1317, and section 19.33 (g)–1 of Regulations 103.

Petitioners' reliance upon section 22 (f) is misplaced. Section 22 concerns the computation of gross income and subsection (f) thereunder simply says that the computation of any gain or loss is fixed by section 111. Clearly, no loss deduction is authorized by this subsection.

There was some testimony in this case to the effect that petitioners in 1929 believed jewelry to be a safer "investment" than stocks, bonds, or real estate. Accordingly, it is suggested that the loss upon the sale of the jewelry in question should be treated similarly to a loss from the sale of securities or analogous property. Cf. *Weir* v. *Commissioner*, 109 Fed. (2d) 996; certiorari denied, 310 U. S. 637. There is no merit in this argument. Jewelry is not ordinary investment property. See *Juliet P. Hamilton, supra*. Cf. *Laurence Arnold Tanzer*, 37 B. T. A. 244. It is not susceptible of providing an income. Moreover, petitioners had no expectation or intention of deriving a profit from the transaction and this is the real test of deductibility for loss on sales of property, capital or otherwise, not purchased in trade or business. *Dupont* v. *United States*, 28 Fed Supp. 122; *Lihme* v. *Anderson*, 18 Fed. Supp. 566.

Petitioners are not entitled to a capital loss deduction arising from the sale of the jewelry. We perceive no error in respondent's determination.

*Decision will be entered for respondent.*

