## YORK v. COMMISSIONER OF INTERNAL REVENUE.

No. 9279.

United States Court of Appeals
District of Columbia.

Argued Jan. 21, 1947.

Decided March 10, 1947.

Mr. John L. York, petitioner, pro se.

Mr. S. Dee Hanson, Special Asst. to Atty. Gen., with whom Messrs. Sewall Key and A. F. Prescott, Sp. Assts. to Atty. Gen., were on the brief, for respondent. Mr. John P. Wenchel, Chief Counsel, Bureau of Internal Revenue, of Washington, D. C., also entered an appearance for respondent.

Before EDGERTON, CLARK and WILBUR K. MILLER, Associate Justices.

PER CURIAM.

In September 1942 petitioner, a lawyer, left Atlanta, Georgia, where he and his family then lived, and came to Washington, D. C. He was employed in Washington by the Federal Works Agency and afterwards by the Office of Price Administration. In February 1943, as soon as he could find a place for his family to live, he brought them from Atlanta to the neighborhood of Washington. He now claims as deductions in respect to his 1943 income tax (1) the cost of his meals and lodging in Washington before he moved his family and (2) the cost of moving them.

Section 23(a) (1) (A) of the Internal Revenue Code, as amended, 56 Stat. 819, 26 U.S.C.A. Int.Rev.Code, § 23, allows deduction of "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * travelling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business * *". Section 23(a) (2) allows deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income * *".

The Tax Court was clearly right in ruling against petitioner. A man's living expenses while he is carrying on his business at his regular place of business are personal and not business expenses. This is true even though he maintains, as petitioner did at first, a place of abode so distant from his place of business that daily commuting is impossible. Com'r v. Flowers, 326 U.S. 465, 66 S.Ct. 250. Petitioner points out that Flowers maintained his remote establishment from choice whereas petitioner brought his family to Washington

as soon as he could. We think the difference immaterial. Petitioner neither maintained a place of abode in Atlanta, nor brought his family to Washington, in order to do the work which he was employed to do. Therefore the expenses which these arrangements caused were not incurred either (1) "in carrying on any trade or business" or (2) "for the production or collection of income."

Affirmed.