Vaal R. Dodd and Carolvn Dodd v. Commissioner.
Dodd v. Commissioner
Docket No. 5761-65.
United States Tax Court
T.C. Memo 1968-23; 1968 Tax Ct. Memo LEXIS 274; 27 T.C.M. (CCH) 113; T.C.M. (RIA) 68023; February 6, 1968. Filed *274 Petitioner, an apprentice-machinist at the California refinery of the Standard Oil Company, moved to a position at a Mississippi refinery of his employer at a time when cutbacks in manpower were being made at the California refinery because of automation of that refinery. In May 1963 petitioner expended $579 in moving his household effects and family from California to a town in Alabama close to the Mississippi refinery to which he was transferred. Held, petitioner made the move from California in the interest of his employer and under the provisions of sec. 162, I.R.C. 1954, may deduct his moving expenses from his gross income for the calendar year 1963 as an ordinary and necessary business expense. Edward N. Wilson, 49 T.C. 406 (Jan. 24, 1968) followed. Vaal R. Dodd, pro se, Route *275 2, Grand Bay, Ala. Homer F. Benson, for the respondent. 114 SCOTT Memorandum Findings of Fact and Opinion Scott, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1963 in the amount of $115.80. The sole issue for decision is whether respondent properly disallowed as a deduction the amount of $579 paid by petitioners as moving expenses from Hawthorne, California to Grand Bay, Alabama. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioners are individuals who at the time of the filing of the petition in this case were legal residents of Grand Bay, Alabama. They filed their joint Federal income tax return for the calendar year 1963 with the district director of internal revenue in Birmingham, Alabama. Vaal R. Dood (hereinafter referred to as petitioner) is a native of Alabama. He has been an employee of the Standard Oil Company since 1957. From 1957 to 1960 he worked in the operations department of the El Segundo, California refinery of Standard Oil Company. The El Segundo refinery was not a modern refinery. It had been built in 1907. In 1960 Standard Oil Company began automation *276 of the operations department of the El Segundo refinery and started cutting back the manpower in that department. Petitioner at that time transferred to the mechanical department where he worked until May of 1963. In early 1963 he was employed as an apprentice-machinist in the mechanical department of the El Segundo, California refinery of Standard Oil Company. At that time Standard Oil Company was completing construction of a refinery at Pascagoula, Mississippi. Prior to the commencement of operation of the refinery at Pascagoula, Mississippi, representatives of Standard Oil Company visited the refinery in which petitioner was employed in California as well as other locations where reductions in manpower were being effected. The representatives discussed with certain of the employees at the El Segundo refinery who were released from their work in the refinery to attend the discussions, the need for employees in various categories at the new refinery in Pascagoula, Mississippi. All employees in petitioner's type of work were required to attend these meetings. The employees attending the meeting were informed of the need for employees in the Pascagoula refinery and that some employees *277 would be contacted about coming to Pascagoula. The employees were also informed of living conditions in Pascagoula and the type of work available at the refinery there. Subsequent to these discussions certain employees at the El Segundo, California refinery were offered employment at the Pascagoula, Mississippi refinery. Petitioner did not seek the offer of a transfer and took no action indicating any desire to transfer. Petitioner and two other individuals in the apprentice-machinst category were offered employment in the Pascagoula refinery. The formal offer to petitioner of a transfer to Pascagoula, Mississippi was made by a memorandum directed to one of his superiors at the California plant. This mmnorandum referred to "Offer of Mechanic Job, ThirdYear Trainee, Pascagoula Refinery, for Mr. Ray Dodd" and stated in part as follows: We would like to offer employment to Mr. Ray Dodd, who is now employed as a Machinist Apprentice Seccnd Year at the El Segundo Refinery. The job offered is that of a Mechanic, third-year trainee level, at the Pascagoula Refinery * * * Our interview with Mr. Dodd familiarized him with living conditions in the Pascagoula area and organizational *278 plans for the refinery start-up. However, we wish to emphasize the following aspects of our offer to avoid any misunderstanding: 1. All costs in connection with relocating to Pascagoula will be at the employee's own expense except that he would be allowed up to five days' personal leave with pay for time required in traveling to Pascagoula. The designation of "Mechanic Job, ThirdYear Trainee" at Pascagoula was the same position as that of apprentice-machinist at the El Segundo refinery. Some of the employees in the California refinery such as head mechanics were offered employment at the Pascagoula refinery with the understanding that they would be reimbursed for their moving expenses by Standard Oil Company. After the memorandum containing the offer of employment at Pascagoula was brought to petitioner's attention, he held a conference with his supervisor. His supervisor advised him that due to the cutback in manpower at the El Segundo refinery, the company had found him employment elsewhere and it was advisable for him to 115 take that employment. Petitioner believed that his employer expected him to accept the transfer to Pascagoula and that in order to retain his employment *279 with Standard Oil Company, it was necessary for him to accept the transfer. For these reasons he accepted the transfer to the Pascagoula refinery. Petitioner moved to Grand Bay, Alabama, which is near Pascagoula, Mississippi, shortly before May 1, 1963, and began working at the refinery of Standard Oil Company in Pascagoula on May 1, 1963, although the refinery was not in all respects completed on that date. Petitioner has continued to work at the Pascagoula refinery of Standard Oil Company since May 1, 1963. The other two employees who were working in positions similar to petitioner's in the El Segundo, California refinery who received offers of employment in the Pascagoula refinery did not accept the transfer. At the date of the trial of this case one of those employees had been laid off by Standard Oil Company and the other one was still employed at the El Segundo refinery. Petitioner moved his household goods and family from Hawthorne, California to Grand Bay, Alabama at what he considered to be the most reasonable available cost. The total cost of the move to petitioner including moving household furniture, himself, and his family was $579. The $579 which petitioner expended *280 in moving from Hawthorne, California to Grand Bay, Alabama was not reimbursed to him by his employer. Petitioners on their joint Federal income tax return for the calendar year 1963 claimed a deduction for moving expenses of $579 and respondent disallowed the claimed deduction. Ultimate Facts Petitioner's move to the Pascagoula, Mississippi refinery of his employer was for the convenience of his employer and was necessary in order for petitioner to be assured of retaining a position with that employer. The moving expenses of $579 incurred and paid by petitioner in 1963 in connection with his move from Hawthorne, California to Grand Bay, Alabama, not reimbursed by his employer, were ordinary and necessary business expenses of petitioner. These moving expenses were proximately related to petitioner's business of being an employee of Standard Oil Company. Opinion On the basis of the facts which we have set forth, we have concluded that petitioner's transfer from the California refinery to the Mississippi refinery of Standard Oil Company was made in the interest of his employer. Respondent makes some argument that petitioner's transfer was because he desired to move to the *281 Pascagoula, Mississippi area and that he did not make the move in the interest of his employer. However, the facts do not support this position of respondent. The facts show that the Standard Oil Company was in need of staffing its Pascagoula refinery and sent representatives over the country to solicit employees of other refineries to transfer to the Pascagoula refinery because of a need for qualified technical personnel at the Pascagoula refinery. Respondent's further contention is that even if petitioner's transfer were in the interest of his employer, petitioner is not entitled to deduct the cost of moving his household goods and family from Hawthorne, California to Grand Bay, Alabama under the decision in Commissioner v. Mendel, 351 F. 2d 580 (C.A. 4, 1965), reversing 41 T.C. 32 (1963). In the recent case of Edward N. Wilson, 49 T.C. 406 (Jan. 24, 1968), we pointed out that the Court of Appeals, in reversing our holding in Walter H. Mendel, 41 T.C. 32 (1963), concluded that we had wrongly determined that expenses of relocation in the interest of an employer were per se deductions for an employee and had stressed that there *282 was no finding that the moving expense was an ordinary and necessary business expense of the taxpayer. In Edward N. Wilson, supra, we stated that the reversal by the Fourth Circuit of our decision in the Mendel case did not dictate a disallowance of expenses of an employee in moving household furnishings from one location to another where the facts were such as to show that the employee's move was made to insure his future employment with his present employer, and that the expense paid for moving was an ordinary and mecessary business expense of the taxpayer-employee. In Edward N. Wilson, we stressed the fact that the expense was incurred by the taxpayer to preserve his job and future with his present employer, and in footnote 3 called attention to the concurring opinion of Judge Opper in Willis B. Ferebee, 39 T.C. 801, 804 (1963), suggesting that if an employee were forced to change the location of his home for the convenience of his 116 employer as an alternative to being dismissed, the situation might lose the aspect of personal expense and come under the rule exemplified by situations such as the cost of education to retain an existion job. We, *283 likewise, pointed out in Edward N. Wilson that the concept of ordinary and necessary business expense cannot be static but must be adapted to changes in the nature and scope of business activities in this country. In this respect we stated in Edward N. Wilson, "Surely, in these days of the organization man, if a move is ordered by the employer for the employer's convenience and the employee's future earnings would be jeopardized by refusing to accept transfer, nonreimbursed moving expenses are proximately related to the business of the taxpayer-employee so that they constitute a business expense to him." We have considered the facts in the present case in the light of our holding in the very recent Edward N. Wilson case and the basis for that holding which we have summarized. We conclude that on the facts in this record, which we have set forth in our findings, this case is indistinguishable from Edward N. Wilson, supra. The facts here show that Standard Oil Company was in need of staffing its new refinery at Pascagoula, Mississippi and was making an effort to persuade some of its employees to transfer to that refinery, and particularly employees in its old refineries *284 who would very likely be laid off as those refineries became more automated under the program of modernization which Standard Oil Company was putting into effect. The facts further show that petitioner in this case had found it necessary to transfer from the operations department of Standard Oil Company's El Segundo, California refinery to the mechanical department when the operations department was modernized and became more automated. The facts show that in 1963 Standard Oil Company was in the process of installing automatic equipment in the mechanical department of the El Segundo refinery and petitioner had reason to believe that if he did not accept the transfer to the Pascagoula refinery he would be laid off as automation proceeded at the El Segundo refinery. That his belief that in the near future he would be laid off from work at the El Segundo refinery if he refused to accept the transfer to the Pascagoula refinery was not an unreasonable one is borne out by the fact that one of the two other employees doing the same work as petitioner who refused to accept the transfer had been laid off at the El Segundo refinery prior to the time of the trial of this case. We see no distinction *285 in an individual who is informed, as was the taxpayer in Edward N. Wilson, that "unless he accepted the transfer * * * he would jeopardize his future with * * *" his employer and the individual who was told by his supervisor, as was petitioner in the instant case, that due to the cutback in manpower at his present working location, it was advisable for him to accept the transfer. Particularly is this true where, as here, the employee himself was aware of the cutbacks resulting from automation in the plant in which he was working and had good reason to believe that unless he accepted the transfer, his employment with his present employer would soon be terminated. Since this case is not distinguishable on its facts from Edward N. Wilson, supra, we have concluded, in accordance with our holding in that case, that the $579 spent by petitioner in moving his household effects and family from Hawthorne, California to Grand Bay, Alabama is an ordinary and necessary business expense in petitioner's business of being an employee and is therefore deductible by him under section 162, I.R.C. 1954. Decision will be entered for petitioners.