WILLIAM J. and LOIS M. WALSH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walsh v. Commissioner
Docket No. 27934-81.
United States Tax Court
T.C. Memo 1984-371; 1984 Tax Ct. Memo LEXIS 304; 48 T.C.M. (CCH) 544; T.C.M. (RIA) 84371; July 19, 1984. William *305 J. Walsh, pro se. Jennifer Decker, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $552 deficiency in petitioners' 1976 Federal income tax liability. The issues for decision are: (1) Whether petitioners are entitled to deduct the costs incident to the sale of their personal residence pursuant to section 217 [1] or section 162(a)(2); and (2) whether petitioners are entitled to deduct $1,920 as an educational expense for the cost of meals and lodging during a portion of their 1976 taxable year. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. William J. Walsh (hereinafter petitioner) and Lois M. Walsh, husband and wife, resided in Cincinnati, Ohio, when they filed their petition in this case and at all times relevant herein. Petitioners timely filed their joint 1976 Federal income tax return with the Internal Revenue Service Center, Cincinnati, Ohio. In June 1975, petitioner was hired as a general manager of Famous Foods located in Richmond, Indiana, which is approximately sixty *306 miles from Cincinnati, Ohio. Petitioner's employer required that he move to Richmond, and in December 1975, petitioners offered their Cincinnati residence for sale. Generally, petitioner stayed in Richmond overnight approximately two nights a week. During the remainder of the week petitioner stayed at his family residence in Cincinnati. Famous Foods paid all expenses for meals and lodging while petitioner stayed in Richmond. Throughout the period that petitioner worked for Famous Foods, Mrs. Walsh and the children continued to live in petitioners' Cincinnati residence. At the time petitioner commenced his employment with Famous Foods, he had an oral agreement to purchase the business. In March 1976, petitioner obtained a $500,000 loan commitment, the amount for which he believed he could purchase Famous Foods. Petitioner intended to move to Richmond after selling his Cincinnati house and purchasing Famous Foods. In approximately May 1976, after petitioner had agreed to sell his Cincinnati house, [2] he began negotiating the purchase price of Famous Foods. Petitioner's offer to purchase Famous Foods for $500,000 was rejected by the owner who countered with a $750,000 purchase *307 price. Petitioner felt this price far exceeded the value of the business and that it indicated the owner did not really intend to sell the business. In early July 1976, petitioner terminated his employment with Famous Foods. Thereafter, on July 20, 1976, petitioners sold their Cincinnati residence and four days later purchased a new residence in Cincinnati which was approximately three miles from their former residence. During the first six months of 1976, petitioner attended classes at Xavier University in Cincinnati, which met for approximately 2-1/2 hours two nights per week and on Saturday mornings. On the week and weekend days that petitioner attended classes, he stayed overnight at his family's residence in Cincinnati. On their original 1976 Federal income tax return, Form 1040, petitioners claimed a $2,693.22 *308 moving expense deduction pursuant to section 217. [3] In April 1980, petitioners timely filed an amended joint Federal income tax return, Form 1040X, for their taxable year 1976. On this amended return, petitioners claimed a $1,920 employee business expense deduction in connection with petitioner's meals and lodging while in Cincinnati overnight during the week and on weekends after his classes at Xavier University, which amount had not been claimed on petitioners' original return.As a result of this additional deduction, petitioners claimed a refund due in the amount of $361. By letter dated July 22, 1980, respondent disallowed petitioners' claimed employee business expense deduction and the associated refund in their entirety. In April 1981, petitioners timely filed a *309 second amended joint Federal income tax return, Form 1040X, for their taxable year 1976. On their second amended return, petitioners again claimed a refund due in the amount of $361 by (1) again asserting a $1,920 employee business expense deduction for meals and lodging while in Cincinnati overnight during the week and on weekends after petitioner's class at Xavier University, and (2) by recharacterizing the $2,693.22 moving expense deduction claimed on petitioners' original 1976 Form 1040 as an ordinary and necessary business expense deduction pursuant to section 162(a) which was incident to the contemplated purchase of Famous Foods. By letter dated May 27, 1981, respondent disallowed petitioners' $361 refund claim. In a notice of deficiency dated August 14, 1981, respondent determined a $552 deficiency in petitioners' 1976 Federal income tax liability based on the disallowance of the section 217 moving expense deduction claimed on petitioners' original 1976 Federal income tax return. OPINION We must first determine whether petitioners are entitled to deduct the costs incident to the sale of their Cincinnati residence in July 1976. Petitioners are deemed to have conceded *310 that the costs incident to the sale of their Cincinnati home in July 1976, are not deductible pursuant to section 217 because they failed to raise this issue in their petition. Rule 34(b)(4), Tax Court Rules of Practice and Procedure. Accordingly, we will only address petitioners' argument that these expenses are deductible as an ordinary and necessary business expense pursuant to section 162(a). Section 162(a) allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. In Wilson v. Commissioner,412 F. 2d 314 (6th Cir. 1969), revg. 49 T.C. 406 (1968), the Sixth Circuit held that unreimbursed expenses incurred in moving for the convenience of the taxpayer's employer from a former residence to a new work location were not ordinary and necessary business expenses within the meaning of section 162(a). In Jones v. Commissioner,54 T.C. 734 (1970), affd. 444 F. 2d 508 (5th Cir. 1971), we adopted the rule articulated in Wilson.Accordingly, petitioners are not allowed to deduct the cost incident to the move from their former Cincinnati residence *311 in July 1976. The next issue for decision is whether petitioner is entitled to deduct $1,920 as an educational expense. Petitioner maintains that an allocable portion of the cost of running his Cincinnati residence, including meals, are deductible as an essential part of the educational expense which he incurred in attending classes at Xavier University. Respondent maintains that the expenses are nondeductible since they were incurred primarily for personal reasons, they were not substantiated as required by section 274(d), and they were primarily nondeductible personal, living, or family expenses under section 262. Based on the record herein, we agree with respondent. Section 1.162-5(c), Income Tax Regs., allows a deduction for expenses for education that maintains or improves skills required by an individual in his employment or other trade or business. Section 1.162-5(e)(1), Income Tax Regs., further provides: If an individual travels away from home primarily to obtain education the expenses of which are deductible under this section, his expenditures for travel, meals, and lodging while away from home are deductible. However, if as an incident of such trip the individual *312 engages in some personal activity such as sightseeing, social visiting, or entertaining, or other recreation, the portion of the expenses attributable to such personal activity constitutes nondeductible personal or living expenses and is not allowable as a deduction. As an incident to petitioner's trips to Cincinnati to attend Xavier University, he ate dinner and stayed with his family at his Cincinnati residence. These expenses are primarily personal because they involved social visiting, and in fact constituted a large part of the time that petitioner could see and spend time with his wife and children. Under the circumstances, these expenses are nondeductible personal or living expenses. Section 262, section 1.162-5(e)(1), Income Tax Regs.
To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. The parties have stipulated that petitioners sold their Cincinnati residence on July 20, 1976. Petitioner's reference to the sale of his home prior to the negotiations regarding the purchase price of Famous Foods apparently refers to the date on which an agreement of sale had been reached, but prior to the actual closing which occurred on July 20, 1976.↩
3. On brief, petitioners sought to deduct an additional $993 as an ordinary and necessary business expense incident to the sale of their Cincinnati residence. This sum reflected the portion of the real estate broker's commission that petitioners did not deduct under section 217(a) because it exceeded the $2,500 limitation on expenses sttributable to qualified residence sales imposed by section 217(b)(3).↩