Oscar K. DIAMOND and Helen J. Diamond, Plaintiffs,

v.

Walter R. STURR, Collector of Internal Revenue, Defendant.

Charles BRUEN and Anna Bruen, Plaintiffs,

v.

Walter R. STURR, Collector of Internal Revenue, Defendant.

Nos. 102, 103, Docket 23217-23218.

United States Court of Appeals Second Circuit.

Argued Dec. 16, 1954.

Decided March 28, 1955.

3. Now 8 U.S.C.A. § 1101(a) (15) (D).

John T. DeGraff and Mortimer M. Kassell, Albany, N. Y., Miriam Wernick, Brooklyn, N. Y., of counsel, for plaintiffs.

H. Brian Holland, Ellis Slack, Joseph F. Goetten, Washington, D. C., and Theodore F. Bowes, Syracuse, N. Y., for defendant.

Before SWAN, FRANK and HINCKS, Circuit Judges.

During 1949 Oscar Diamond and Charles Bruen were employees of the State of New York. New York provided them with food and lodgings at the state institutions where they worked, and withheld federal income taxes on the value of the food and lodging so provided. Diamond and Bruen filed with the Commissioner of Internal Revenue timely claims for refunds on the ground that the food and lodging received by them were not compensation and therefore not taxable. The Commissioner disallowed their claims, and the present suits were then instituted.[1]

FRANK, Circuit Judge.

1. The Internal Revenue Code taxes "salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid." Section 22, I.R.C., 53 Stat. 574, 26 U.S.C.A. § 22. The applicable Treasury Regulation, in 1949, provided that "If * * * living quarters or meals are furnished to employees for the convenience of the employer, the value thereof need not be * * * added to the compensation otherwise received. * * *" Regulation 111. Regulation 29.22(a)(3).[2] At that time, the Treasury interpreted the Regulation as follows: "As a general rule, the test of 'convenience of the employer' is satisfied if living quarters or meals are furnished to an employee who is required to accept such quarters and meals in order to perform properly his duties." Mim. 5023 (1940—1 C.B. 14) (subsequently retroactively modified).[3]

By this interpretation, the food and lodging furnished taxpayers Diamond and Bruen were 'for the convenience of the employer' and therefore not taxable as compensation. Diamond, senior psychiatrist at a state mental institution, was required by state statute, New York

---

1. Mrs. Diamond and Mrs. Bruen are technically plaintiffs because both Diamond and Bruen filed joint returns, but the wives' income is not otherwise in dispute.

2. The original wording of the Regulation is as follows:

"When living quarters such as camps are furnished to employees for the convenience of the employer, the ratable value need not be added to the cash compensation of the employee, but where a person receives as compensation for services rendered a salary and in addition thereto living quarters, the value to such person of the quarters furnished constitutes income subject to tax. * * *" (Regulations 45, Art. 23; 2 C.B. 76.) T.D. 2992.

In 1940 it was amended to read as follows:

"If a person receives as compensation for services rendered a salary and in addition thereto living-quarters or meals, the value to such person of the quarters and meals so furnished constitutes income subject to tax. If, however, living quarters or meals are furnished to employees for the convenience of the employer, the value thereof need not be computed and added to the compensation otherwise received by the employees. * * *" (T.D. 4954, 1940–1 C.B. 13.)

3. Pertinent parts of the bulletin read as follows:

"2. The purpose of the foregoing amendments of the several regulations mentioned is to clarify the position of the Bureau on the question as to the circumstances under which the value of living quarters or meals furnished to employees by their employer is to be included in the gross income of the employees. Except as indicated below, if living quarters or meals are furnished to an employee, the value thereof to him constitutes income subject to tax and must, therefore, be included in his gross income as compensation. If, however, the living-quarters or meals furnished are not compensatory or are furnished for the convenience of the employer, the value thereof need not be added to the compensation otherwise received by the employee.

"3. As a general rule, the test of 'convenience of the employer' is satisfied if living quarters or meals are furnished to an employee who is required to accept such quarters and meals in order to perform properly his duties. For example, if an employee is subject to immediate service at any time during the 24 hours of the day and, therefore, cannot obtain quarters or meals elsewhere without material interference with his duties and on that account is required by the employer to accept quarters or meals furnished by the employer, the value thereof need not be included in the gross income of the employee." See O.D. 915, C.B. 4, 85 (1921).

Mental Health Law No. 34, to reside on the premises as a condition of his employment. Bruen, housefather to thirty-two delinquent boys at a state training school, and Mrs. Bruen, housemother to the same group, were required to live in the cottage in which the delinquents were housed. Their bedroom had a window overlooking the dormitory. Specifically the Bruens were on duty from 6:00 A.M. to 9:00 P.M. daily, and generally they were required to be available after 9:00 P.M. for emergencies. Their apartment had no cooking facilities.

 Their living conditions illustrate how minimal were the economic benefits to them of the food and lodging supplied. The Bruens, for example, were not permitted to have their daughter reside with them, and they maintained a separate home some thirteen miles from the school where they might spend their weekly evening off and where their daughter lived during her college vacations. Husband and wife could not dine together, as one had to be on duty with their charges while the other ate. The Diamonds lived in a building which also housed an assortment of mental patients —some noisy, some profane, some disturbed. Their young daughters had no restricted play space, and could only romp in an area traversed by hospital traffic, including ambulatory mental patients. Under these circumstances—the meagerness of the furnished facilities, the requirement that the employees live at their posts of duty and be available for call at all times, the absence of any showing that the parties regarded their room and board as compensation—we hold that the food and lodging furnished to the Diamonds and the Bruens were not compensation and not taxable, at least until December 31, 1948.

On that day—one day before the taxable year in question—the Commissioner of Internal Revenue revoked an earlier ruling and ruled that the value of food, lodging and other maintenance furnished employees of the state of New York, whose salaries were classified under the New York Civil Service (Feld-Hamilton) Law [4], was compensation for federal tax purposes. His ruling was without reference to whether the employee received significant economic benefit from the food and lodging. Whether conditions of employment required living on the post and constant availability for duty was specifically disavowed as a relevant factor in determining whether the maintenance furnished was compensation. If the Commissioner's ruling was valid, it results in a determination contrary to the "convenience of the employer" test in the two cases at bar, for both Diamond and Bruen were employees classified by the Feld-Hamilton Law during 1949.

██ 2. "Treasury regulations and interpretations long continued without substantial change, applying to unamended or substantially reenacted statutes, are deemed to have received congressional approval and have the effect of law." Helvering v. Winmill, 305 U.S. 79, 83, 59 S.Ct. 45, 46, 83 L.Ed. 52. Regulation 111, Section 29.22(a)(3) in its earliest form was enacted in 1920.[5] It was amended in 1940 [6] but without serious change. The Treasury's interpretive bulletin, issued at the time of the amendment,[7] made clear that employees such as Diamond and Bruen need not count food and lodging received as compensation. The Regulation stood untouched between 1940 and the 1954 revision of the Internal Revenue Code, and the interpretive bulletin stood untouched until retroactively modified in 1950, several months after the close of the tax year in question.

Particularized interpretations issued by the Treasury during the 1921–1948 period were consistent with the 1940 interpretive bulletin. See, e. g., 1 C.B. 71, O.D. 265 (seamen); 4 C.B. 1459, O.D. 814 (fishing and canning workers); 4 C.B. 1634, O.D. 915 (hospital employees); I.T. 2253, V–I–C.B. 32 (domestics); I.T. 3420, 1940–2 C.B. 40 (Army nurses); I.T. 2232–II–2 C.B. 144 (Public Health, Coast Guard and Geodetic Survey em-

---

4. 9 McKinney, c. 7, § 40 et seq.

5. See footnote 2, supra.

6. Ibid.

7. See footnote 3, supra.

ployees). There is one inconsistent interpretation in C.B. 4–1633, O.D. 914, I.T. 2051, C.B. III–2–1673 (employees of the Indian Bureau of Department of Interior) ("compensation" determined by accounting entry on books of Interior Department). Using this standard, however, Diamond and Bruen would not be taxable, since the books of New York list the items in question as "maintenance."

■ The cases before the Tax Court (formerly the Board of Tax Appeals) are similarly consistent, and the battleground of these cases was not the definition of "compensation" but the issue of fact as to whether the food and lodging supplied in the particular case was for the employer's convenience.[8] We hold that the 'convenience-of-the-employer test' as the measuring-rod of compensation, having persisted through the interpretations of the Treasury and the Tax Court throughout years of re-enactment of the Internal Revenue Code, constituted the applicable standard in 1949, and that, since the food and lodging received by Bruen and Diamond were clearly for the convenience of their employer, they are not taxable as "compensation."

We need not explore the legislative history of the New York Civil Service Law to determine that "compensation" for federal tax purposes is not to be defined by state statute. A host of taxing—or non-taxing—considerations may legitimately bear on the state's statutes that have little or no relevancy with respect to the purpose and meaning of the Internal Revenue Code. See Burk-Waggoner Oil Ass'n v. Hopkins, 269 U.S. 110, 46 S.Ct. 48, 70 L.Ed. 183; Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731; Kieferdorf v. Commissioner, 9 Cir., 142 F.2d 723, 725–726; Staunton Industrial Loan Corporation v. Commissioner, 4 Cir., 120 F.2d 930; Gouldman v. Commissioner, 4 Cir., 165 F.2d 686.

If, for example, an economy-minded state legislature, trying to reduce the cost of license-plates produced within prison walls, decreed that the food and lodging received by the prisoners was "compensation," would the Commissioner follow his own ruling and try to eke out a few pennies of taxes from the unfortunate prisoners? But we need not push the Commissioner's ruling to its logical conclusions to understand how arbitrary and formalistic is the distinction he suggests. For the cases at bar illustrate the point sufficiently: Mr. and Mrs. Bruen, for example, perform identical work—he as housefather, she as housemother. Their hours and other conditions of employment are identical. They, of course, share the same lodging, and eat the same food. For reasons obscured by the intricacies of the New York Civil Service system, Mr. Bruen is an employee whose salary is classified by the Feld-Hamilton Law, and Mrs. Bruen is not. Were the Commissioner to prevail here, Mr. Bruen would be taxed upon the value of the food and lodging provided him, and Mrs. Bruen would not be taxed for the similar food and lodging provided her.

We hold that, under the facts stipulated in the court below, the food and lodging furnished Bruen and Diamond were not compensation to them.

Reversed.

---

8. See Benaglia v. Commissioner, 1937, 36 B.T.A. 838, appealed by the government but appeal withdrawn before adjudication, 9 Cir., 97 F.2d 996 (hotel manager) ("under such circumstances, the value of meals and lodging is not income to the employee even though it may relieve him of an expense which he would otherwise bear"); Lamaze v. Commissioner, 1940 P–H B.T.A. Memorandum Decisions Sec. 40,158 (hotel manager); Greene v. Kanne, 23 A.F.T.R. 1141 and Renton v. Kanne, D.C.Haw., 23 A.F.T.R. 1143 (1938) (sugar plantation managers); Bennett v. Commissioner, 1 T.C. M. 31, 38–39, affirmed on other grounds 8 Cir., 1942, 139 F.2d 961 (as in the case at bar, the food and lodging were of a lower standard than would ordinarily be expected but for the terms of employment) (mental institution matron and housekeeper); Carmichael v. Commissioner, 7 T.C.M. 278 (1948) (housing project employees). Contra: Martin v. Commissioner, 44 B.T.A. 185.