Kenneth D. ENGLAND and Connie J. England, Plaintiffs-Appellees,

v.

UNITED STATES of America, Defendant-Appellant.

No. 14727.

United States Court of Appeals Seventh Circuit.

April 29, 1965.

Louis F. Oberdorfer, Asst. Atty. Gen., I. Henry Kutz, Attorney, Tax Division, U. S. Department of Justice, Washington, D. C., Edward R. Phelps, U. S. Atty., Springfield, Ill., Meyer Rothwacks, Robert N. Anderson, Fred R. Becker, Attys., Department of Justice, Washington, D. C., Leon G. Scroggins, Asst. U. S. Atty., of counsel, for appellant.

George B. Gillespie, Louis F. Gillespie, Gillespie, Burke & Gillespie, Springfield, Ill., Hugh J. Dobbs, Stuart Dobbs, Springfield, Ill., Robert E. Gillespie, Chicago, Ill., of counsel, for appellees.

Before CASTLE, KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

This appeal by the Government from a judgment for a refund to plaintiffs [1] of income tax poses the issue whether England, taxpayer, must include in his gross income for 1960 an amount which he was reimbursed by his employer for certain expenses incurred, prior to gaining possession of new permanent quarters, incidental to a transfer to a new post in the employer's interest; or alternatively, whether such amount, if includible in gross income, is a deductible travel or

---

1. Connie J. England is also a plaintiff in this case since she and her husband filed a joint return for the taxable year in question.

business expense. We think the district court erred in deciding this issue in favor of England.

The facts are undisputed. England was permanently transferred by his employer from Kansas City, Missouri, to Springfield, Illinois, where he arrived on June 19, 1960. He began then to look for a place for his family to live and on July 9, 1960 leased a house which was unavailable for occupancy until August 1, 1960, at which time his family moved in. Pursuant to its policy and regulations, the employer reimbursed England for $466.00 of his Springfield expenses incurred prior to taking possession under the lease. The major items of expense were his meals and lodging and a trip by his wife to inspect a house in Springfield.[2] England did not request or wish to make the transfer, but did so at the behest of the employer.

The Commissioner of Internal Revenue added the amount of reimbursement to the taxpayer's gross income and assessed an additional tax of $103.00. England paid the tax under protest, and brought this suit after the Government rejected his demand for a refund.

We agree with the Government, contrary to the district court's view, that in view of § 61(a)'s definition of gross income as "all income from whatever source derived, including (but not limited to) the following items," the fact that the reimbursement received by England might not fall within item (1) "Compensation for services, including fees, commissions, and similar items" is not in any way controlling. Nor is the fact, emphasized by the court, that England suffered a financial loss in the transfer to Springfield controlling as to whether the reimbursement constitutes gross income. We disagree, for reasons which will be clear hereafter, with the court's conclusion that congressional intent was that England's reimbursement should be excludable.

Revenue Ruling 54–429, 1954—2 Cum.Bull. 53, interpreting § 22(a) of the Internal Revenue Code of 1939, predecessor of § 61(a) of the 1954 Code, provides that an amount received as reimbursement by an employee from an employer for the expenses of moving himself, his immediate family, his household goods and personal effects from one official station to another for permanent duty is not includible in the employee's gross income. The Ruling then specifically provides that

"Amounts received as allowances or reimbursements for meals and lodging of the employee and his family while awaiting permanent quarters at the new post of duty are includible in gross income of the employee."

We think that this ruling is a permissible interpretation of the Internal Revenue Code's definition of gross income, and a correct one. The expense of transporting an employee to a new post of duty for benefit of the employer is properly an expense of the employer, not compensation to the employee, but the costs of meals, lodgings, and expenses incidental to securing housing at the post are personal living expenses of the employee, and if they are provided by the employer, income is realized thereby. This question was resolved adversely to England in Cockrell v. Commissioner of Internal Revenue, 321 F.2d 504 (8th Cir. 1963), where the taxpayer received a per diem allowance from the employer at the new post and a special allowance to reimburse him for the cost of living in motels near the new post while attempting to find housing, scarce in the area. The Tax Court and the Eighth Circuit upheld the Commissioner's determination that the allowances were includible in the taxpayer's gross income and that they were not deductible as travel expenses while away from home.

2. Other items included laundry and cleaning expense, boarding of taxpayer's dog and cat, and the cost of a title search, revenue stamps, newspaper advertisement, and telegram in connection with the sale of taxpayer's house in Kansas City.

Plaintiffs and the district court relied on John E. Cavanaugh, 30 T.C. 300 (1961), in support of the court's decision. The Government contends, and we agree, that that case was wrongly decided in failing to follow Rev. Rul. 54–429 and in excluding reimbursements for "extra-ordinary" post-arrival food and lodging expenses from gross income.

■ The district court here held that even if the amounts in question are includible in gross income, they are deductible either as ordinary and necessary business expenses under § 162(a) [3] or as reimbursed travel expenses while away from home in the pursuit of a trade or business, under §§ 62(2)(A) [4] and 162(a) (2).[5] A taxpayer's "home," for the purposes of the reimbursed travel expense deduction, is not necessarily the place of his residence. Rather, it is the place of the taxpayer's business. In this case Springfield clearly was England's "home" after the transfer, and expenses incurred there were not "away from home." Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203 (1946); Cockrell v. Commissioner of Internal Revenue, 321 F.2d 504 (8th Cir. 1963); Kalist v. Commissioner of Internal Revenue, 321 F.2d 508 (8th Cir. 1963); Light v. Commissioner of Internal Revenue, 310 F.2d 716 (5th Cir. 1962); Andrews v. Commissioner of Internal Revenue, 179 F.2d 502 (4th Cir. 1950); Ney v. United States, 171 F.2d 449 (8th Cir. 1948); York v. Commissioner of Internal Revenue, 80 U.S.App.

D.C. 63, 160 F.2d 385 (D.C. Cir. 1947); Darrell Spear Courtney, 32 T.C. 334 (1959). No deduction for those amounts is allowable under §§ 62(2)(A) and 162 (a)(2).

■ We think too that the district court's decision that these amounts were deductible as "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business" under § 162(a) cannot be sustained. The expense of England's meals and lodging, his wife's trip, and the sale of his house were personal expenses, expressly made non-deductible by § 262. Cockrell v. Commissioner of Internal Revenue; Light v. Commissioner of Internal Revenue; York v. Commissioner of Internal Revenue; Andrews v. Commissioner of Internal Revenue, supra.

England relies on Walter H. Mendel, 41 T.C. 32 (1963), now on appeal before the Fourth Circuit, in support of his position that these expenses are deductible. That case, which the Government contends was wrongly decided, allowed deductions for unreimbursed expenses of transporting household goods and for hotels and meals in transit to the new post, which the Tax Court characterized as business expenses. In view of our decision that the expenses involved here are personal expenses, Mendel is not directly in point and we need not express any opinion as to its correctness.

The judgment is reversed and the cause remanded with instructions to dismiss the complaint.

3. Int.Rev.Code of 1954, § 162(a). "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. * * *"

4. Int.Rev.Code of 1954, § 62(2) (A). "The deductions allowed by part VI (sec. 161 and following) which consist of expenses paid or incurred by the taxpayer, in

connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer."

5. Int.Rev.Code of 1954, § 162(a) (2). "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business. * * *"