James D. Hayes and Mary E. Hayes v. Commissioner.
Hayes v. Commissioner
Docket No. 3721-64.
United States Tax Court
T.C. Memo 1966-123; 1966 Tax Ct. Memo LEXIS 160; 25 T.C.M. (CCH) 636; T.C.M. (RIA) 66123; June 8, 1966
*160 Thomas J. Bining, for the petitioners. Ralph V. Bradbury, Jr., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined a deficiency in petitioners' 1961 income tax in the amount of $5,687.30. In their 1961 joint income tax return filed with the district director of internal revenue for the Austin, Texas District, the married petitioners, who live in Houston, reported income in the form of wages received by James from Atlas Bradford Company in the sum of $39,258. They did not report the receipt of $10,666.55 also paid to James by the Atlas Bradford Company. It is respondent's addition of the above sum to their 1961 income that gives rise to the deficiency in question. The Atlas Bradford Company was in the oil field supply business and it is petitioners' claim that there was a merger transaction in 1960 whereby the Atlas Bradford Company where he was employed as an executive moved its headquarters from Bradford, Pennsylvania to Houston, Texas; that he was one of the key personnel employed by the company in Pennsylvania where he owned his home; and that when he was transferred to Houston he suffered a loss on the sale of his home in *161 Bradford. The company paid petitioners' direct moving costs to Houston and the amounts so paid are not here involved. It is stipulated that reimbursement for petitioner's loss on the sale of his house in Bradford to an unrelated third party was made by Atlas Bradford Company to him in 1961 in the amount of $10,666.55, computed as follows: Appraised value of house
$20,000.00
Sales price
10,500.00
$ 9,500.00
Expenses of sale
666.55
Allowance for carpets, drapes etc.
500.00
$10,666.55
At the trial it was the position of petitioners' counsel that there was presently pending a decision which supported his contention that an employer-reimbursed loss suffered by an employee incident to moving with his employer to a new place of business was not taxable income. He had reference to the case of England v. United States, 226 F. Supp. 762, where the United States District Court for the Southern District of Illinois had held reimbursement made to a taxpayer of certain living expenses and other costs (not moving expenses) incurred as a result of having been transferred by his employer to another city was not includable in gross income. Petitioner's counsel *162 asked us to hold up our opinion until the Englandcase was finally disposed of. The above District Court decision in the England case was reversed by the United States Court of Appeals for the Seventh Circuit 345 F. 2d 414), and certiorari has been denied, 382 U.S. 986. This may be why petitioner's counsel has filed no brief in this case. A loss on the sale of a home is essentially a personal loss. Any reimbursement to the taxpayer of such loss means taxable income is realized. England v. United States, 345 F. 2d 414, and Bradley v. Commissioner, 324 F. 2d 610 (C.A. 4, 1963), affirming 39 T.C. 652. We hold for respondent on the issue presented. Decision will be entered for the respondent.