**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Homer H. and Minnidell M. STARR, Respondents.**

No. 9370.

United States Court of Appeals
Tenth Circuit.

Aug. 30, 1968.

Edward Lee Rogers, Atty., Dept. of Justice, Washington, D. C. (Mitchell Ro-

govin, Asst. Atty. Gen., Lee A. Jackson and Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., with him on brief), for petitioner.

Homer H. Starr, pro se.

John N. Stull, Denver, Colo., as amicus curiae.

Before MURRAH, Chief Judge, and WILBUR K. MILLER* and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

This is an action to recover federal income taxes paid on money received by an employee from his employer to reimburse him for temporary living expenses when he was transferred to a new post of duty. Taxpayer questions the inclusion of this money in his taxable gross income and, in the alternative, contends these reimbursements are deductible as moving expenses.

Taxpayer, appellee, has been employed by the United States Steel Corporation since 1937. On December 1, 1961, the taxpayer was permanently transferred, at a reduced salary, from San Francisco, California, to Lander, Wyoming. The taxpayer arrived in Lander on December 4, 1961, but was unable to buy a home until December 20, 1961. Occupancy was promised January 20, 1962 and actually effected on January 29, 1962. From December 4th until his family arrived from San Francisco taxpayer lived at a Lander hotel.

The company reimbursed taxpayer for his living expenses in Lander during this period but he did not report these reimbursements as income. The Commissioner of Internal Revenue audited the taxpayer's return and determined the reimbursements should have been reported as income. The taxpayer paid the resultant additional tax and instituted this action, pro se, to recover the additional taxes plus interest. The tax court held the reimbursements should not have been included in gross income and awarded taxpayer a judgment. The

---

* Senior Circuit Judge of the United States Court of Appeals for the District of Columbia, sitting by designation.

Commissioner perfected this appeal and United States Steel Corporation's tax counsel was permitted to file a brief as amicus curiae. Taxpayer relies upon John E. Cavanagh, 36 T.C. 300 (1961), which held similar living expenses deductible and the reimbursements for extraordinary food and lodging expenses not includable in gross income.

The two questions presented, i. e. the includability of reimbursed travel expenses in gross income or the deductibility of these expenses as moving expenses, were both answered for this circuit by United States v. Woodall, 255 F. 2d 370 (10th Cir. 1958). That case has not been overruled or modified and therefore controls the instant case.

The Tax Court in *Cavanagh* attempted to distinguish *Woodall*[1] but the difference is truly a distinction without a difference. The argument is advanced that the payments made in *Woodall* were like a cash bonus to a new employee or a part of the bargained for employment contract. It can just as validly be argued that the payments to the taxpayer were in the nature of a bargained for bonus as a part of his transfer to Lander. The pertinent language in *Woodall* can be paraphrased as follows:

> "The payment was in the nature of a cash bonus as an inducement to accept employment [transfer]. *As a matter of law*, these payments are no different than had Sandia [United States Steel] given the taxpayers cash to pay outstanding obligations, or for the payment of living expenses for a specified period after their [his] arrival in Albuquerque [Lander]." United States v. Woodall, 255 F.2d 370, 372 (10th Cir. 1958) (emphasis added).

 *Woodall* disposes of the first question in the instant case, the includa-

bility in gross income, in the following words:

> "The law is settled that the statutory definition of gross income 'is broad enough to include in taxable income any economic or financial benefit conferred on the employee as compensation, whatever the form or mode by which it is effected.'" Id. (citations omitted).

*Woodall* also controls the second argument advanced by the petitioner:

> "We think that it is equally well settled that the expenditures are not deductible expenses under Section 22(n) and Section 23(a) of the Internal Revenue Code of 1939, or Section 62(2) and Section 23(a) of the Internal Revenue Code of 1939, or Section 62(2) 162. Both taxpayers testified that the reasons which motivated them to accept employment with Sandia Corporation were personal. The expenditures had no relation to any service which was being performed for the employer." Id. 255 F.2d at 373.

*Woodall* has not been overruled by this circuit or the Supreme Court, nor' has it been superceded by any legislation of which we are aware. *Woodall* has been specifically followed on the questions presented here by Koons v. United States, 315 F.2d 542 (9th Cir. 1963). *Woodall* was cited and followed in Ritter v. United States, 393 F.2d 823 (Ct.Cl. April 19, 1968).

By contrast *Cavanagh* was expressly overruled in England v. United States, 345 F.2d 414 (7th Cir. 1965) and was not followed in *Ritter*.

In view of this court's holding in *Woodall*, we reverse.

Reversed.

---

1. "We are also unable to conclude that an employee who has performed regular services for his employer for in excess of 5 weeks, as in the case here, is a 'new' employee as that term is used by the Court of Appeals for the Tenth Circuit in its disposition of an issue similar, but not the same as, the issue before us, United States v. Woodall, 255 F.2d 370 (1958). The facts in that case involve prospective employees who were transported to a prospective place of employment at their prospective employer's expense before beginning to render services." John E. Cavanagh, 36 T.C. 300, 303 (1961).