NORVEL JEFF McLELLAN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 102–66.    Filed December 23, 1968.

Norvel Jeff McLellan, pro se.
*John A. Cronkhite*, for the respondent.

OPINION

TURNER, *Judge:* It is the position of the respondent that the entire $1,103.33 received by petitioner from his employer, and generally referred to as the relocation expense for the move from his post of duty in California to his new post of duty in New Mexico, constituted gross income to him under section 61(a)[4] of the Internal Revenue Code [5] and was properly included by petitioner and his wife in their joint income tax return for 1963; and further that the $903.33 expended by petitioner and his family as personal living expenses while living at the motel in Las Cruces and before moving into their house in Fairacres were nondeductible personal, living, and family expenses under section 262 [6] of the Code.

The petitioner apparently concedes that the $903.33 received by him from his employer exceeded his actual cost of food and lodging during the said period by approximately $300 and contends that only the $300 represents taxable income to him. In making this contention he does not involve himself in the question as to whether the entire $903.33 should be included in gross income and $603.33, as representing the actual cost of the food and lodging, deducted, or the conceded profit of $300 included in gross income without any deduction to arrive at what he regards as the correct amount of taxable income.

The respondent has consistently taken the position that payments by an employer to an employee, such as the $903.33 received by petitioner as a subsistence allowance for him and his family while awaiting permanent quarters at his new post of duty, are includable in the employee's gross income. See Rev. Rul. 54–429, 1954–2 C.B. 53, to the effect that "Amounts received as allowances or reimbursements for meals and lodging of the employee and his family while awaiting permanent quarters at the new post of duty are includible in gross

---

[4] SEC. 61. GROSS INCOME DEFINED.

  (a) GENERAL DEFINITION.—Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:

    (1) Compensation for services, including fees, commissions, and similar items;

    (2) Gross income derived from business;

[5] Unless otherwise indicated, all references are to the Internal Revenue Code of 1954, as amended.

[6] SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES.

  Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.

income of the employee." Also see Rev. Rul. 65–158, 1965–1 C.B. 84, amplifying Rev. Rul. 54–429 and confirming respondent's position as to the includability in gross income of meals and lodging for the employee and his family under the circumstances stated.

This Court has not at all times applied the above quoted provision from Rev. Rul. 54–429, *supra*, in dealing with payments or reimbursements received by an employee from his employer covering such expenses by him, the latest case being that of *Homer H. Starr*, 46 T.C. 743, in which it was held in circumstances similar in pertinent respects to those in the instant case that the said subsistence allowances were paid by the employer primarily for the employer's benefit and as such did not constitute income to the employee. See also in that connection *John E. Cavanagh*, 36 T.C. 300.

Holding that the amounts received by Starr in reimbursement of his expenditures for meals and lodging for the period immediately following his arrival at his new post of duty and prior to the arrival of his family were in the nature of compensation and thus within the definition of gross income, the Court of Appeals for the Tenth Circuit reversed the *Starr* case, 399 F. 2d 675 (1968). Quoting from its previous opinion in *United States* v. *Woodall*, 255 F. 2d 370, the court further held that the expenditures by the taxpayer for such meals and lodging had no relation to any service being performed by Starr for his employer but were personal expenditures and therefore not deductible. This latter question had not been reached by this Court by reason of its holding that the reimbursed amounts were not includable in gross income.

We do not regard the instant case as being distinguishable from *Starr* in controlling respects. We have reviewed our opinion and conclusions in *Starr* in the light of the reversal by the Court of Appeals and conclude that the opinion of the Court of Appeals in *Starr* is decisive of this case. See also *England* v. *United States*, 345 F. 2d 414, which is to the same effect as the Court of Appeals' opinion in *Starr*.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

HOYT, *J.*, concurs in the result.

WITHEY, *J.*, dissents.

———

SIMPSON, *J.*, concurring: I agree with the result reached by the majority, but I wish to set forth my reasons for reaching that conclusion.

Though I have carefully considered the decisions of the Courts of Appeals in *England* v. *United States*, 345 F. 2d 414 (C.A. 7, 1965), *Commissioner* v. *Mendel*, 351 F. 2d 580 (C.A. 4, 1965), and *Commissioner* v. *Starr*, 399 F. 2d 675 (C.A. 10, 1968), I remain of the opinion

that employer reimbursement of reasonable moving expenses of an employee should not be taxable. Some economic benefits received by employees, when furnished for the convenience of their employer, have long been regarded as excludable from gross income. Sec. 119; *Diamond* v. *Sturr*, 221 F. 2d 264 (C.A. 2, 1955); O. B. 514, 2 C.B. 90 (1920). In my opinion, reimbursement for reasonable moving expenses should qualify for such exclusion.

We are concerned with an existing employee who is requested by his employer to transfer his place of employment. As a result of the employee complying with the request, he incurs extraordinary expenses for a temporary period of time. Not only must he pay the costs of transporting himself, his family, and their possessions to the locality of his new employment, but frequently, he and his family must also incur the additional expenses of living for a time in a hotel and eating in a restaurant. In such circumstances, if an employer furnishes a moving allowance, it is not compensation for services rendered or to be rendered by the employee; it is to prevent the employee from bearing the expenses of the transfer requested by the employer. Like the reimbursement of an employee traveling on business of the employer, the moving allowance relieves the employee of expenses undertaken primarily on behalf of the employer. See *James* v. *United States*, 308 F. 2d 204 (C.A. 9, 1962). The moving allowance is also similar to the supper allowance, which has long been held to be excludable when furnished for the convenience of the employer. O. D. 514, *supra*.

In my opinion, the enactment of section 217, allowing a deduction for some moving expenses, does not constitute a reason for restricting the exclusion of reimbursed moving expenses to the items that are deductible under such section. When that section was enacted, Congress was aware that many employers reimburse employees for moving expenses in addition to those for which a deduction was being allowed. Yet, Congress did not limit the exclusion in the same manner as it did the deduction. Instead, it made clear that the courts should decide when a reimbursement is excludable. S. Rept. No. 830, 88th Cong., 2d Sess., p. 72 (1964), 1964–1 C.B. (Part 2) 505, 576. Thus, Congress had the opportunity to correlate the deduction and the exclusion, but it chose not to do so. Congress wanted us to decide what items should be excludable without regard to the deduction provision.

For these reasons, I believe that the moving allowance received by the petitioner should be excludable. However, for us to so hold would be a futile act. Since the petitioner resided in New Mexico at the time the petition was filed in this case, this Court's decision will be reviewed by the Court of Appeals for the Tenth Circuit, unless the parties agree upon a review by a different court—a most unlikely

possibility. Sec. 7482(b). Since this case is indistinguishable from the *Starr* case, to hold for the petitioner would merely force the parties to the expense and trouble of securing a review and reversal of the decision. Inasmuch as the court which will review our decision is certain and such court has clearly passed on the issue before us, I would not follow the rule of *Arthur L. Lawrence*, 27 T.C. 713 (1957), in this case.

DRENNEN, RAUM, FAY, and DAWSON, *JJ.*, agree with this concurring opinion.