Howard R. Eckels and Betty J. Eckels v. Commissioner.
Eckels v. Commissioner
Docket No. 1117-67.
United States Tax Court
T.C. Memo 1968-292; 1968 Tax Ct. Memo LEXIS 6; 27 T.C.M. (CCH) 1548; T.C.M. (RIA) 68292; December 24, 1968, Filed Howard R. Eckels, pro se, 1603 Winding Trail, Springfield, Ohio. Rudolf L. Jansen, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined a deficiency in petitioners' 1963 income tax in the amount of $191.16. The issue is whether amounts received by Howard R. Eckels from his employer as reimbursement of his moving expenses are includable in his gross income. All of the facts have been stipulated and they are found accordingly. As of the date of the *7 filing of the petition, petitioners lived in Springfield, Ohio. 1549 Petitioners are husband and wife and they filed their joint income tax return for the year 1963 with the district director of internal revenue at Cincinnati, Ohio. In 1962 petitioners maintained their home in New Albany, Indiana, where Howard was employed with the Union Savings Association in New Albany. They continued to reside in this New Albany home after Howard ceased his employment with the savings association in November of 1962. On March 1, 1963, Howard began his employment with the First National Bank of Springfield, located in Springfield, Ohio, which is about 180 miles from New Albany. Until August of 1963 Howard commuted weekends between his home in New Albany and his place of employment in Springfield. On August 20, 1963, petitioners moved their family and all of their household goods and personal belongings from New Albany to Springfield. In the year 1963, petitioners received $735.24 from the First National Bank of Springfield as reimbursement for their moving expenses. Prior to Howard's employment with the bank on March 1, 1963, there was no agreement, express or implied, nor any inducement *8 offered to him by the bank concerning payment of the said moving costs. Petitioners did not include the $735.24 as a part of their taxable income. Respondent determined the reimbursed moving cost in the sum of $735.24 was includable in petitioners' 1963 taxable income. This determination gives rise to the deficiency in issue. Numerous cases have involved issues with respect to an employee's moving expenses. Generally, the question in these cases is whether the employee's moving expenses are deductible or whether the employee receives taxable income when his employer either pays the moving expenses direct or reimburses the employee for the moving expenses he incurred. [1] In all cases involving new employment it has been held the amount paid by the new employer to cover the employee's moving expenses, is includable in the employee's taxable income. United States v. Woodall, 255 F. 2d 370 (C.A. 10, 1958), certiorari denied 358 U.S. 824 (1958); Koons v. United States, 315 F. 2d 542 (C.A. 9, 1963); Alan J. Vandermade, 36 T.C. 607 (1961); Willis B. Ferebee, 39 T.C. 801 (1963). These cases all hold that the expenditure for *9 moving to another city to enter a new employment is a purely personal family expense. It is well settled, as the cited cases point out, that when the purely personal expense of an employee is paid by the employer, the employee receives a financial or economic benefit that is well within the all-inclusive definition of gross income contained in section 61, I.R.C. of 1954. [2]
Petitioners argue they have been unjustly discriminated against by respondent. They point to Rev. Rul. 54-429, 1954-2 C.B. 53, showing respondent excludes from gross income an employee's moving expense reimbursement in situations where the employee is being transferred by the employer from one official duty station to another official duty station for permanent *10 duty. No discrimination against petitioners exists by virtue of this ruling. Howard was a new employee seeking new employment and it could hardly be argued the moving of his family and household goods and personal effects, some 6 months after he started to work, was in the interests of his employer. Petitioners state the instant case can be distinguished from the cited cases in that in those cases such moving expense reimbursement was included in the contract of employment or was intended by the parties as compensation or an inducement to persuade the employee to accept the employment. Here it is stipulated that, prior to Howard starting the new employment, there was no agreement, express or implied, that the new employer would reimburse him for his moving costs. It is true that in the cited cases it was agreed or understood in advance that the new employer would pay the employee's moving expenses. But we fail to see how the absence of such an agreement or understanding should require a contrary result. The mere fact that the new employee receives the reimbursement pursuant to an agreement does not change the character of the expenditure he made. The expenditure when made by petitioners *11 to move their household goods and personal effects to the city where Howard had entered upon his 1550 new employment was a personal family expense. When this personal expense is paid by Howard's employer, taxable income to the employee results. This is so without regard to whether there was an obligation on the part of the employer to make the reimbursement. Petitioners do not argue the reimbursement payment of $735.24 was a gift from Howard's employer and thus exempt under section 102, I.R.C. of 1954. It is clear the reimbursement by the new employer was at least related to the employment. It arises out of the employment and even though there is no prior obligation to make the reimbursement, the reimbursement when made is in the nature of a bonus or additional compensation paid to the employee for services rendered or to be rendered. As such, it is includable in the employee's income. This case is well within the rule of the cited cases. That rule is illustrated by the following from United States v. Woodall, 255 F. 2d 370, pp. 372, 373: As a matter of law, these payments [reimbursed moving costs] are no different than had [the employer] *12 given the taxpayers cash to pay outstanding obligations, or for the payment of living expenses for a specified period after their arrival * * *. The form of payment, to constitute income, is immaterial. The statute explicitly declares that gross income shall include compensation for personal services of whatever kind and in whatever form it is paid. * * * These payments come within the statutory description of gross income. See and compare Edward N. Wilson, 49 T.C. 406 (1968); Norvel Jeff McLellan, 51 T.C. - (Dec. 23, 1968); and Commissioner v. Starr, 399 F. 2d 675 (C.A. 10, 1968). Decision will be entered for the respondent. Footnotes
1. Section 217 makes an employee's unreimbursed moving expenses incurred after December 31, 1963, deductible. ↩
2. SEC. 61. GROSS INCOME DEFINED. (a) General Definition. - Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items; * * *↩