Kenneth R. Hovatter v. Commissioner.
Hovatter v. Commissioner
Docket No. 1087-68.
United States Tax Court
T.C. Memo 1969-169; 1969 Tax Ct. Memo LEXIS 126; 28 T.C.M. (CCH) 846; T.C.M. (RIA) 69169; August 18, 1969. Filed Kenneth R. Hovatter, pro se, 1645 Sweetbriar Dr., San Jose, Cali;. Nicholas G. Stucky, for the respondent. DAWSON
Memorandum Opinion DAWSON, Judge: Respondent determined a deficiency of $760.80 in petitioner's income tax for the year 1964. The only issue for decision is whether petitioner is entitled to deduct, pursuant to section 217, [1] moving expenses incurred in 1963 when he and his family moved from their home in South Carolina to his new place of employment in California. The parties agree that two other adjustments *127 made in the notice of deficiency are correct. All of the facts have been stipulated and are found accordingly. Kenneth R. Hovatter (herein called petitioner) was a legal resident of San Jose, California, at the time he filed his petition in this case. He and his wife, Ann, filed a joint Federal income tax return for the year 1964 with the district director of internal revenue at San Francisco, California. During the year 1964 petitioner was on the cash basis of accounting and used a calendar year reporting period. During the first part of 1963 petitioner and his family resided in Columbia, South Carolina. On August 19, 1963, petitioner was employed by Aerojet General 847 corporation (herein called Aerojet) to begin work at its plant in Azusa, California. On or about October 18, 1963, the North American Van Lines Moving Company picked up the household goods and personal effects of the petitioner and his family in Columbia, South Carolina, and delivered them on October 25, 1963, to the petitioner's new residence in Glendora, California, which is near *128 Azusa. The cost of transporting the household goods and personal effects was $1,843.08. North American Van Lines billed Aerojet for this charge by an invoice dated December 5, 1963. Aerojet paid the invoice by a check dated January 20, 1964. North American Van Lines billed Aerojet for an additional $14.50 appliance service charge by an invoice dated January 27, 1964. Aerojet paid this invoice by a check dated February 18, 1964. The services giving rise to this billing were performed by North American in 1963 at petitioner's Glendora, California, residence. On February 14, 1964, petitioner submitted a relocation expense reimbursement voucher to Aerojet for the cost of moving his family from Columbia, South Carolina, to Azusa, California. The family had traveled by automobile, leaving Columbia on October 18, 1963, and arriving in Azusa October 24, 1963. The voucher submitted by petitioner listed expenses totaling $437.96, which amount was paid by Aerojet to petitioner in 1964. All of the expenses included in the voucher related to moving petitioner's family in 1963, and consist of the following: Mileage: From Columbia, S.C., to Azusa, Calif. - 2412 miles at 8 cents a mile
$192.96
Lodging - 7 days at $15.00 a day
105.00
Meals - 7 days at $20.00 a day 140.00
In January 1964, Aerojet billed petitioner
In January 1964, Aerojet billed petitioner for $419.84, representing petitioner's share of the moving bill previously paid by Aerojet. Petitioner had agreed to bear the cost of shipping household goods in excess of 8,000 pounds, and the charge of $419.84 represented that cost. Petitioner paid the amount to Aerojet in 1964.
Aerojet included the net amount of moving and family relocation expenses which it paid, totaling $1,875.70, in petitioner's withholding (W-2) form as gross income for the year 1964. The $1,875.70 was computed as follows: *129 Moving expenses - household goods
$1,843.08
Applicance service charge
14.50
Moving expenses - petitioner's family 437.96
$2,295.54
Less: Amount paid by petitioner 419.84 $1,875.70 On his 1964 Federal income tax return petitioner deducted from gross income the moving expenses paid by Aerojet in the estimated amount of $1,703.47. (The actual amount paid by Aerojet was $1,875.70). In addition, petitioner deducted the $419.84 which he paid as his share of the moving expenses due to excessive weight. All of the moving expenses deducted by petitioner on his 1964 Federal income tax return were incurred in 1963. Respondent disallowed the entire amount of the claimed deduction. Prior to 1964 it was established in several cases that a person undertaking employment with a new employer could neither deduct moving expenses necessitated by such employment nor exclude from gross income the amount of the moving expenses paid by his employer directly to him or to third parties. See United States v. Woodall, 255 F. 2d 370 (C.A. 10, 1958), certiorari denied 358 U.S. 824 (1958); Koons v. United States, 315 F. 2d 542 (C.A. 9, *130 1963); Alan J. Vandermade, 36 T.C. 607 (1961); and Willis B. Ferebee, 39 T.C. 801 (1963). Section 217(a), which was added to the law by section 213 of the Revenue Act of 1964, Public Law 88-272, allows "as a deduction moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee at a new principal place of work." But section 213(d) of the Revenue Act of 1964, specifically provides that the moving expense deduction "shall apply to expenses incurred after December 31, 1963, in taxable years ending after such date." Identical language is used in the reports of the House and Senate committees. See H. Rept. No. 749, 88th Cong., 1st Sess., p. A60, xxxx; and S. Rept. No. 830, 88th Cong., 2d Sess., p. 73. In addition, section 1.217-1(a)(1), Income Tax Regs., provides that the moving expense deduction "is allowable only for expenses incurred after December 31, 1963, in the taxable years ending after such date." In this case the petitioner accepted new employment in 1963. As a result, he and 848 his family moved from South Carolina to California. The entire move was *131 planned, arranged and completed in 1963. All services of the moving company were performed in 1963 and, with the exception of a nominal appliance service charge, were billed to petitioner's employer in 1963. The expenses of transporting petitioner and his family across the country in October 1963 (automobile expenses, meals and lodging) are all of a type normally paid for at the time the service or product is obtained. It is therefore clear that all of the moving expenses in question were incurred in 1963. Thus the treatment of the petitioner's moving expenses is governed by the law as it existed prior to the addition of section 217 to the Code. See Commissioner v. Dodd, 410 F. 2d 132 (C.A. 5, 1969), where the Court of Appeals said: The Revenue Act of 1964 added section 217 to the Code, 26 U.S.C.A. § 217, which eliminated the distinction previously drawn between reimbursed and unreimbursed moving expenses. The effect of this section was to permit employees to deduct unreimbursed moving expenses from their gross income, but this was expressly limited to expenses incurred after December 31, 1963. * * * The taxpayers argue that it is unfair and *132 inequitable to allow deduction of unreimbursed moving expenses incurred after 1963 but to deny those incurred during or before 1963. The answer is that the tax law is statutory and equitable considerations are inapplicable. Estate of Dupree v. United States, 5 Cir. 1968, 391 F. 2d 753; Carlton v. 385 F. 2d 238. In any event, it 385 F. 2d 238, In any event, it would be no less unfair and inequitable to grant the taxpayers a special benefit not available to other taxpayers who incurred unreimbursed moving expenses prior to or during 1963. Since petitioner's moving expenses were incurred in 1963, we hold that the expenses paid by him and his employer are not deductible in 1964 under the provisions of section 217(a). Likewise, the amount received from Aerojet is not excludable from gross income. Cf. Commissioner v. Mendel, 351 F. 2d 580 (C.A. 4, 1965); Commissioner v. Starr, 399 F. 2d 675 (C.A. 10, 1968); England v. United States, 345 F. 2d 414 (C.A. 7, 1965); and Norvel Jeff McLellan, 51 T.C. 462 (1968). Accordingly, Decision will be entered for the respondent. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954 as amended, unless otherwise indicated.↩