Richard J. Ashby and Klea C. Ashby v. Commissioner.
Ashby v. Commissioner
Docket No. 1159-68.
United States Tax Court
T.C. Memo 1969-238; 1969 Tax Ct. Memo LEXIS 55; 28 T.C.M. (CCH) 1242; T.C.M. (RIA) 69238; November 10, 1969, Filed *55 Petitioners incurred indirect moving expenses and real estate selling expenses in connection with their move from Kansas City to San Francisco at the request of petitioner's employer, for which they were reimbursed by the employer. Held, the amounts received as reimbursements are not excludable from petitioners' gross income. David H. Katz, 220 Montgomery, San Francisco, Calif., for the petitioners. Leo A. McLaughlin and Nicholas G. Stucky for the respondent. DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: The respondent determined a deficiency of $493.79 in petitioners' income tax for the year 1966. The only issue for our decision is whether reimbursements received by petitioner Richard J. Ashby from his employer for certain expenses incurred by petitioners in connection with moving from one place *56 of employment to another for the same employer are excludable from petitioners' income for 1966. Findings of Fact Some of the facts have been stipulated and are so found. Petitioners are husband and wife and resided in Sunnyvale, Calif., at the time their petition in this case was filed. They filed their 1966 joint Federal income tax return with the district director, San Francisco, Calif. The return was prepared on the calendar year basis and cash method of accounting. Richard J. Ashby, who will hereinafter be referred to as petitioner, is an engineering associate employed by American Telephone and Telegraph Company (hereinafter referred to as AT&T). He first entered the employment of AT&T in September 1946, and from that time until April 1956 worked in Pocatello, Idaho, as a telephone transmission maintenance man. In April 1956 petitioner was transferred to Kansas City, Missouri, where he worked as an engineering associate in the Service Engineering Branch. In January 1966 AT&T formed a new regional office in San Francisco, Calif., to service the area west of the Rocky Mountains. The Kansas City office was handling the operations for that area at that time. The San Francisco *57 office was to commence operations, theretofore carried on by the Kansas City office, on September 12, 1966. Due to the shift of a portion of the functions carried on by the Kansas City office, a number of the employees in the Kansas City office were transferred to San Francisco. The petitioner was one of these employees transferred to San Francisco. AT&T co-ordinated its efforts to transfer personnel and equipment so that a smooth transition of its operations could be commenced in San Francisco on September 12, 1966. In order to facilitate the transfer of operations, AT&T allowed the employees being transferred to travel to San Francisco to obtain suitable living accommodations prior to the actual date of transfer. Petitioners traveled to San Francisco on July 17, 1966, where they arranged to purchase a home in Sunnyvale, Calif., and returned to their home in Shawnee Mission, Kansas, on July 25, 1966. They incurred the following expenses in connection with the house-hunting trip to San Francisco: Air fare for petitioners
$458.86
Living, transportation and incidental expenses incurred in connection with the trip
268.81
Child care expense incurred at Kansas City during the period of the trip 108.00
Total $835.67
*58 In accordance with company policy, AT&T reimbursed petitioners in 1966 for the $835.67. The petitioners incurred $1,310.46 of expenses in connection with selling their home in Shawnee Mission, Kansas. In accordance with AT&T's policy, the petitioners were reimbursed the $1,310.46 in 1966. The selling expenses consisted of the following items: FHA appraisal
$ 35.00
Taxes, insurance, and interest
122.51
Real estate commission
1,035.00
Title policy
$ 113.00
Revenue stamps 4.95
Total $1,310.46 1243 On September 8, 1966, petitioners moved out of their home at Shawnee Mission and into a nearby motel until September 10, 1966. During this period they packed their household furniture and effects at their Shawnee Mission home for transport to San Francisco. Living expenses and motel rent incurred during this period were in the amount of $112.91. In accordance with its policy, AT&T reimbursed the petitioners $112.91 in 1966. Petitioners flew from Shawnee Mission to San Francisco, arriving at San Francisco on September 10, 1966. From September 10, 1966, until September 16, 1966, while awaiting the arrival of furniture and personal effects from Shawnee Mission, *59 petitioners incurred living expenses, including lodging and meals for themselves and their dependents, in the amont of $316.16. In accordance with company policy, AT&T reimbursed the petitioners $316.16 in 1966. Petitioners did not include any of the reimbursements received from AT&T, mentioned above, in gross income on their joint Federal income tax return for 1966. Petitioners included in their itemized deductions on their 1966 joint Federal income tax return the amount of taxes and interest for which they received reimbursement in 1966 from AT&T. AT&T's policy is that if an employee is transferred to a new location for the benefit of AT&T the employee's costs will be minimized and he will be inconvenienced as little as possible. In pursuance of this policy, AT&T reimburses its employees being transferred to a new location for certain expenses. In order to be eligible for reimbursement, the employee must provide AT&T with an estimate of the expenses he expects to incur as a result of the move. The estimate must include an itemized list of the expenses expected to be incurred. The estimate is reviewed by AT&T for reasonableness and also to be sure the items listed are reimbursable *60 items. In order to receive the reimbursement for the expenses incurred, the employee must submit expense vouchers for the expenses incurred. The vouchers are checked to make sure that the money was not frivolously spent; for example, only reasonable amounts are allowed for meals per day. The reimbursements by AT&T to the petitioner arose out of the employment relationship. The reimbursements were not gifts, for AT&T expected to receive better services from the petitioner. The reimbursements, however, were not an incentive or an inducement to get the petitioner to make the requested move. Opinion The issue for our decision is whether reimbursements received by petitioner for certain expenses incurred in connection with a transfer in location of his employment are includable in petitioner's income in the year received. [1]
The reimbursements received by petitioner were for two categories of expenses: (1) Indirect moving expenses, and (2) selling expenses for the sale of petitioners' old home. [2] The indirect moving expenses include house-hunting expenses, meal and lodging *61 expenses incurred while petitioners' household goods were being packed for transport, and meal and lodging expenses incurred while petitioners awaited arrival of their household goods at petitioners' new home. Respondent contends that the reimbursements are in the nature of compensation under section 61, I.R.C. 1954, and are therefore includable in petitioners' gross income. The petitioners argue that the reimbursed expenses were incurred in the interest of and for the benefit of AT&T and therefore should be excluded from gross income in the same manner as reimbursed business related expenses, such as, for example, entertainment expenses, educational expenses, and travel expenses while away from home. We do not view the reimbursement of the petitioners' selling expenses to be in the nature of indirect moving expenses, and therefore, we will consider them separately. In Willis B. Ferebee, 39 T.C. 801 (1963), we held that the reimbursement to a new employee for a real estate commission on the sale of the new employee's *62 former residence constituted taxable income to the new employee. The petitioners attempt to distinguish this case on the ground that it dealt with a new employee, while here we are concerned with an old employee. 1244 The petitioners' position is untenable, however, since we later held in Earnest A. Pederson, Jr., 46 T.C. 155 (1966), that this distinction was invalid and regardless of whether a new or old employee was the recipient of a reimbursement for selling expenses the reimbursement constituted taxable income. See also William A. Lull, 51 T.C. 841 (1969), on appeal (C.A. 9, July 21, 1969). Based upon our decision in the above cases, we sustain the respondent's determination that the reimbursement for the selling expenses should be included in petitioners' gross income. As for the reimbursement of the indirect moving expenses, we find that our recent decisions in William A. Lull, supra, and Norvell Jeff McLellan, 51 T.C. 462 (1968), are dispositive of this issue. In the Lull case, on facts indistinguishable from those in this case, and in the McLellan case, on facts very similar to these, we held the reimbursement for *63 indirect moving expenses to be compensation and includable in the taxpayers' income. See also, England v. United States, 345 F. 2d 414 (C.A. 7, 1965); Commissioner v. Starr, 399 F. 2d 675 (C.A. 10 1968), reversing 46 T.C. 743 (1966); and Ritter v. United States, 393 F. 2d 823 (Ct. Cl. 1968). Based upon the above-mentioned authority we hold the reimbursement for indirect moving expenses to be taxable income and includable in petitioners' gross income. Decision will be entered for the respondent. Footnotes
1. Petitioners do not argue that the moving expenses for which they were reimbursed are deductible.↩
2. The direct expenses of moving petitioners, their family, and furnishings, from Kansas City to Sunnyvale are not involved.↩