BRIAN P. MCMAHON and ANNE M. McMAHON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McMahon v. Commissioner
Docket No. 1364-72.
United States Tax Court
T.C. Memo 1973-86; 1973 Tax Ct. Memo LEXIS 201; 32 T.C.M. (CCH) 380; T.C.M. (RIA) 73086; April 12, 1973, Filed Brian P. McMahon, pro se. Peter D. Bakutes, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined a $512.47 deficiency in petitioners' income tax for the calendear year 1969. The only issue for decision is whether certain amounts received by petitioner Brian P. McMahon from his employer to reimburse him for certain moving expenses were excludable from petitioners' gross income. The facts have been stipulated. 2
*202 Brian P. McMahon and Anne M. McMahon ("petitioners") are husband and wife. They filed a joint Federal income tax return for 1969 and, on April 6, 1970, an amended joint return for 1969, both with the district director of internal revenue at San Francisco, California. Petitioners resided in San Francisco at the time they filed their petition herein. Brian P. McMahon has been an employee of the Internal Revenue Service since July, 1962. He worked and resided in Sacramento, California, from January, 1963 through May, 1969. In April, 1969, the Internal Revenue Service notified Brian that he would be transferred to San Francisco - 88 miles from Sacramento - , in June, 1969. Petitioners moved from Sacramento to San Francisco on June 1, 1969, and Brian has worked in San Francisco since then. Petitioners incurred the following expenses in 1969 in connection with their relocation: Cost of sale of old residence
$1,778.55
Transportation from Sacramento to San Francisco
9.05
Food enroute to San Francisco
5.00
Cost of moving household goods and personal effects
200.00
Temporary quarters in San Francisco
340.59
$2,333.19
Petitioners paid the foregoing amounts *203 prior to December, 1969, but they recovered the full $2,333.19 by way of reimbursement 3 from the Internal Revenue Service. Such reimbursement was made in 1969 and reflected on a Treasury Form W-2 issued to Brian for that year. Petitioners included the $2,333.19 they had received as reimbursement in the figure for gross income reported on their original tax return for 1969, and they claimed no deduction for moving expenses on that return. On their amended return for 1969, they subtracted the amount of $2,333 from gross income, and the following written explanation of that adjustment was attached to the return: In accordance with the intent of Senate Report No. 1357, dated June 30, 1966, in regards the allowances authorized by H.R. 10607, the amount of $2,333.00 has not been included in the gross income reported per this return. This amount represents reimbursement for such items as temporary quarters, real estate transactions, and miscellaneous moving expenses. This Report states that the basic philosophy behind this legislation indicates that this reimbursement is not compensation and is therefore, not income. The Commissioner determined: that during the taxable *204 year 1969 you received reimbursement for the cost of selling your residence in the amount of $1,778.55 from your employer. You also received $354.64 as an allowance for temporary quarters plus $200.00 for miscellaneous moving expenses, against which you were able to verify allowable expenses totaling $214.05. The combined total, less the allowable expenses, amounts to $2,119.14 which was not reported on your income tax return. Accordingly, your taxable income is increased by $2,119.14. 4 The only items treated by the parties as still in issue are the reimbursement of $1,778.55 for costs related to the disposition of petitioners' Sacramento residence and the payment of $340.59 to cover the cost of petitioners' temporary quarters in San Francisco. The only dispute between the parties is whether the total amount of the foregoing items ($2,119.14) is excludable from petitioners' gross income; petitioners have made it clear that they are not seeking deductions in respect of the moving expenses they incurred. Section 82, I.R.C. 1954, added by section 231(b) of the Tax Reform Act of 1969, Pub. L. No. 91-172, 83 Stat. 487, and generally applicable only to taxable years beginning *205 after December 31, 1969, explicitly provides that amounts received as reimbursements of moving expenses attributable to employment are includable in gross income as compensation for services. In respect of payments made prior to the effective date of section 82, such as those here in issue, it was well settled that reimbursements of so-called "indirect" moving expenses of employees, including those incurred in connection with the sale of the former residence and for temporary housing at the new place of employment, were includable in the recipients' gross income under section 61 of the 1954 code. See Commissioner v. Starr, 399 F. 2d 675 (C.A. 10), reverseing 46 T.C. 743; England v. United States, 345 F. 2d 414, 416-417 (C.A. 7), 5 certiorari denied 382 U.S. 986; Koons v. United States, 315 F. 2d 542, 544 (C.A. 9); William A. Lull, 51 T.C. 841, 850-851, affirmed 434 F. 2d 615 (C.A. 9); Norvel Jeff McLellan, 51 T.C. 462, 465; Ernest A. Pederson, Jr., 46 T.C. 155, 157-158; Ritter v. United States; 183 Ct. Cl. 875, 885, 393 F. 2d 823, 829-830, certiorari *206 denied 393 U.S. 844; Rev. Rul. 65-158, 1965-1 C.B. 34, amplifying Rev. Rul 54-429, 1954-2 C.B. 53. Petitioners have sought to avoid the impact of the foregoing authorities by pointing to favorable language in the Senate committee report that accompanied the 1966 legislation authorizing the allowances here in issue. [1] *208 The cited 7 report, also referred to by petitioners in their 1969 amended tax return, indeed indicates quite plainly that the Committee on Government Operations, considering the bill authorizing the reimbursements on referral from the Senate, thought that the purpose of the legislation "would be seriously diluted if the benefits and allowances authorized thereunder are deemed taxable as income." S. Rept. No. 1357, 89th Cong., 2d Sess., p. 5 (1966). Senator Edmund S. Muskie, chairman of a subcommittee of the Committee on Government Operations, indicated in a letter of January 2, 1973, that was submitted in evidence in this case by petitioners, that "at the time it was considered, [Sen. Muskie] was not in disagreement with the language of the Committee report." The 1966 legislation as finally enacted, however, contained no *207 language affecting the taxability of the reimbursements for which it provided, and neither the Senate Finance Committee nor the House Committee on Ways and Means, which considered a multitude of bills [2] during the second session of the 89th Congress relating to the exclusion from gross income of certain reimbursed moving expenses and to which the Senate Committee on Government Operations expressly deferred on this matter (see the 8 second paragraph of the Committee Report quoted in footnote 1 above), reported any such legislation out of committee. There being no statute effective for 1969 affording petitioners the relief they seek, the Commissioner's determination must be approved. Decision will be entered for the respondent. Footnotes
1. S. Rept. No. 1357, 89th Cong., 2d Sess. (1966), accompanying Pub. L. No. 89-516, 80 Stat. 323 (1966), which amended the Administrative Expenses Act of 1946, ch. 744, 60 Stat. 806. The portions of petitioners' reimbursements still in dispute were authorized by sections 23(3) and (4) of the Administrative Expenses Act (now codified in 5 U.S.C. sections 5724a(a) (3) and (4) (1970)), as added by section 2 of the 1966 legislation. The excerpt from S. Rept. No. 1357 relied upon by petitioners is as follows (pp. 4-5): THE ALLOWANCES AUTHORIZED BY H.R. 10607 [Pub. L. No. 89-516] SHOULD NOT BE TAXABLE The Internal Revenue Service has held that, under the present law, allowances or reimbursements to employees for moving expenses constitutes taxable income to the employees, with the exception of allowances, or reimbursements for moving an employee's family and household goods, his personal effects, and meals and lodging while in transit to the new location. The Service maintains that, with this exception, allowances or reimbursements for moving expenses are compensation paid to an employee, and furthermore maintains that employers should withhold income tax on the amounts paid. Thus, allowances or reimbursements for such items as house-hunting trips, temporary living expenses, and real estate fees are presently deemed reportable as income and taxable. The committee considered a proposed amendment to H.R. 10607 which would specifically have exempted the allowances and benefits authorized by this bill from taxation, unless, of course, the taxpayer should realize a gain from such reimbursement. The committee endorses the intent of this proposed amendment.However in view of the jurisdictional problems which might be raised as a result of adding such language to this bill and in view of the fact that general legislation similar to the proposed amendment is currently pending before the Ways and Means Committee of the House and the Finance Committee of the Senate, the amendment was not adopted. The committee is of the view, however, that the general purpose and effect of H.R. 10607 would be seriously diluted if the benefits and allowances authorized thereunder are deemed taxable as income. In this regard the committee is in full accord with the following testimony given on this matter by John W. Macy, Chairman of the Civil Service Commission before the House Committee: * * * the basic philosophy behind this legislation would indicate that this is not compensation, this is not additional income. This is reimbursement, and therefore, should not be taxable. ↩
2. For a list of such bills, see the Final Legislative Calendars for the 89th Congress of the Committee on Ways and Means (p. 841) and the Finance Committee (p. 382). ↩