506 F.2d 1321
 165 U.S.App.D.C. 282, 75-1 USTC P 9145
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Henry G. Lewia and Katherine Lewia, Appellants
v.
Commissioner of Internal Revenue
 No. 73-1202.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 27, 1974.
 
 1
 Before BAZELON, Chief Judge, McGOWAN, Circuit Judge and MERHIGE,* United States District Judge for the Eastern District of Virginia.
 
 Judgment
 
 2
 This cause came on for consideration on an appeal from the United States Tax Court and briefs were filed by the parties. On consideration of the foregoing, it is
 
 
 3
 ORDERED AND ADJUDGED by this Court that the decision of the Tax Court appealed from in this cause is hereby affirmed, for the reasons set forth in the attached memorandum.
 
 Memorandum
 
 4
 This review of a Tax Court decision, in which appellants are proceeding pro se, involves an asserted income tax deficiency of $926.14. It involves the recurring question of whether a deduction should be allowed for travel, meal, and lodging expenses incurred during an extended period of employment at a place other than the taxpayer's residence.
 
 
 5
 The stipulated facts are these: The taxpayer, Henry G. Lewia, had worked as a shoe factory specialist or consultant since 1945. During the period from June of 1965 to July of 1968 he maintained a residence in Johnson, Vermont but was employed at a mill 140 miles away in Franklin, New Hampshire. He stayed during weekdays at a Franklin hotel and traveled to Vermont on weekends to be with his wife, thus incurring the expenses in question. The taxpayer was hired to set up a bedroom slipper manufacturing department at the mill, with the unwritten understanding that he would remain until it was running properly. He was paid an annual salary in proportionate bi-weekly amounts, and the arrangement was terminable on short notice by either party. The expenses that the taxpayer incurred because of his weekly commute were allowed as deductions for 1965 and 1966, but for 1967, at the beginning of which year he had been commuting for 19 months, they were disallowed.
 
 
 6
 In upholding the Commissioner, the Tax Court has applied to these facts its rule that the "home" of one claiming a deduction for travel expenses incurred "while away from home in the pursuit of a trade or business," IRC Sec. 162(a)(2), is his principal place of employment, the only exception being in a case where the employment is "temporary," as opposed to "indefinite." Though sometimes articulated as part of the requirement that expenses be employment-related, rather than as part of the definition of "home," this allowance of travel expenses only in cases of "temporary" employment appears to be settled beyond dispute. Commissioner v. Stidger, 386 U.S. 287 (1967); Commissioner v. Flowers, 326 U.S. 465 (1946). See also York v. Commissioner, 160 F.2d 385 (D.C.Cir.1947) (per curiam).
 
 
 7
 Whether or not the Tax Court correctly found that this taxpayer's employment had ceased to be "temporary" by 1967 is a "narrow question of fact" reviewable by us only for clear error. Peurifoy v. Commissioner, 358 U.S. 59 (1958) (per curiam ). Our examination of the record discloses no such error. See Commissioner v. Flowers, 326 U.S. 465 (1946).
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. Sec. 292(d)